IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAQUEL LEE CARPENTER | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, | : | |
| Acting Commissioner of the Social | : | |
| Security Administration, | : | |
| Defendant | : | NO. 22-3025 |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                              February 17, 2023

Raquel Lee Carpenter ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Plaintiff has filed a brief in support of her request for review, the Commissioner has responded to it, and Plaintiff has replied. For the reasons set forth below, Plaintiff's request for review is denied.

**I.     PROCEDURAL HISTORY**[1]

On October 2, 2019, Plaintiff applied for SSI, alleging disability, because of physical and mental health impairments, that commenced on June 1, 2013. R. 12. The claim was denied, initially and upon reconsideration; therefore, Plaintiff requested a hearing. *Id.* On September 8, 2021 Plaintiff appeared before Marc Silverman, Administrative Law Judge ("the ALJ"), for an administrative hearing. *Id.* Plaintiff, represented by an attorney, and Christine Carrozza-Slusarski, a vocational expert, ("the VE") testified at the hearing. *Id.* On October 5, 2021, the ALJ, using

---

[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record. ("R.").

the sequential evaluation process for disability,[2] issued an unfavorable decision. R. 12-26. The Social Security Administration's Appeals Council denied Plaintiff's request for review, on June 1, 2022, making the ALJ's findings the final determination of the Commissioner. R. 1-3. Plaintiff seeks judicial review and the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.  FACTUAL BACKGROUND

A.  <u>Personal History</u>

Plaintiff, born on June 6, 1987, R. 24, was 34 years old, on the date of the ALJ's decision. She has no past relevant work, R. 39, and lived in a shelter at the time of the ALJ hearing. R. 46.

B.  <u>Plaintiff's Testimony</u>

Plaintiff testified about her physical and mental health limitations at the September 8, 2021 administrative hearing. R. 39-50. Plaintiff stated that her right arm is approximately five inches shorter than her left and she cannot straighten it fully. R. 39-40. She is only able to lift three pounds with her right, dominant arm, R. 39, 44; she can lift approximately ten pounds with her left

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 416.920(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 416.920(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 416.920(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 416.920(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. § 416.920(g).

arm. R. 39. Plaintiff's right arm is constantly painful; she cannot raise it far or open and close her hand fully. R. 43. Because of her grasping problem, Plaintiff often drops objects. R. 44.

Plaintiff also has pain and stiffness in her neck; she is unable to turn her head fully or tilt it low enough for her chin to touch her chest. R. 41. Neck spasms are triggered three to four times a week when she lifts too much weight or moves her neck too quickly; the pain from a spasm can persist two to four days. R. 42. Bending down exacerbates her neck pain. R. 46.

Because of her arm and neck limitations, Plaintiff cannot groom her hair or button her clothing. R. 44-45. Prescribed medications for her pain and spasms help ease but do not eliminate the pain. R. 43.

In addition, Plaintiff has been diagnosed with post traumatic stress disorder, anxiety, depression and panic attacks. R. 48. As a result of these conditions, she avoids large crowds and cannot tolerate people being near her or touching her. R. 48-49. Plaintiff does not ride the bus or go into stores alone. *Id.* The week before the administrative hearing, Plaintiff suffered anxiety attacks on September 1st and 4th; the latter episode lasted until September 6th. R. 49. Plaintiff's prescribed medication eases her mental health symptoms by reducing her shaking and sweating and making it easier for her to talk to others. R. 48-49.

C.  Vocational Testimony

The VE was asked to consider a person of Plaintiff's age and education, who could perform light[3] work, but was limited to: climbing ramps and stairs occasionally; never climbing ladders, ropes, and scaffolds; stooping, kneeling, and crouching occasionally; never crawling; never reaching overhead with the right upper extremity and only occasional reaching in all other directions with the right upper extremity; occasionally reaching overhead with the left upper

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b).

extremity and frequently reaching in all other directions with the left upper extremity; occasionally handling, fingering, and feeling with the dominant right hand; never being exposed to unprotected heights; occasional exposure to moving mechanical parts; occasional exposure to vibration; performing simple, routine tasks; tolerating no more than frequent interaction with supervisors, co-workers, and the general public; and limited to low stress work, which is defined as routine work with no more than occasional changes in the work. R. 51-52. The VE responded that this individual could perform the following jobs: (1) school bus monitor (51,700 positions in the national economy); (2) usher (69,080 positions in the national economy); and (3) furniture rental clerk (41,156 positions in the national economy). R. 52. The ALJ next asked the VE to consider the same person, but with the additional limitation of being off-task 15% of the workday. R. 53. The VE responded that this individual could not perform any work. *Id.* The VE further opined that an individual who missed three or more workdays per month could not sustain competitive employment. *Id.*

### III. THE ALJ's FINDINGS

In his decision, the ALJ issued the following findings:

1. [Plaintiff] has not engaged in substantial gainful activity since October 2, 2019, the application date (20 CFR 416.971 *et seq.*).

2. [Plaintiff] has the following severe impairments: depression; anxiety disorder; post traumatic stress disorder (PTSD); Chiari malformation status post neurosurgical decompression; and cervical degenerative disc disease (DDD) (20 CFR 416.920(c)).

3. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, and 416.926).

4. After careful consideration of the entire record, I find that [Plaintiff] had the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except: climb ramps and stairs occasionally; never climb ladders, ropes, and scaffolds; stoop, kneel, and crouch occasionally; can never crawl; no overhead reaching using the right upper extremity and only occasional reaching in all other directions with the right upper extremity; reaching overhead with the left upper extremity is limited to occasional and reaching in all other directions with the left upper extremity is limited to frequent; handling, fingering, and feeling with the dominant right hand is limited to occasional; can never be exposed to unprotected heights; no more than occasional exposure to moving mechanical parts; limited to no more than occasional exposure to vibration; limited to simple, routine tasks; no more than frequent interaction with supervisors, co-workers, and the general public; and limited to low stress work, which is defined as routine work with no more than occasional changes in the work.

5. [Plaintiff] has no past relevant work (20 CFR 416.965).

6. [Plaintiff] was born on June 6, 1987 and was 32 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. [Plaintiff] has at least a high school education (20 CFR 416.964).

8. Transferability of job skills is not an issue because [Plaintiff] does not have past relevant work (20 CFR 416.968).

9. Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 416.969, 416.969(a)).

10. [Plaintiff] has not been under a disability, as defined in the Social Security Act, since October 2, 2019, the date the application was filed (20 CFR 416.920(g)).

R. 14-15, 18, 24-26.

## IV.   DISCUSSION

A.   <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows.  The Commissioner's findings of fact will not be disturbed, if they are supported by substantial evidence.  *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).  Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted).  While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), it may amount to less than an evidentiary preponderance.  *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).  Overall, this test is deferential to the ALJ and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion.  *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987).  Indeed, the court is not permitted to weigh the record evidence itself.  *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).  By contrast, the Commissioner's legal conclusions are subject to *de novo* review.  *Poulos*, 474 F.3d at 91.

B.   <u>Burden of Proof in Disability Proceedings</u>

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a).  Plaintiff may establish a disability through: (1) medical evidence meeting one or

more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents her from returning to her past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given her age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.  Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process, the ALJ determined that, even though Plaintiff had no past relevant work, she could perform several light jobs that exist in the national economy and, hence, was not disabled. R. 12-26. Plaintiff disputes the ALJ's decision and argues that the ALJ reversibly erred by failing to: (1) incorporate her credible mental health limitations into the residual functional capacity ("RFC") assessment; (2) include her credible physical health limitations into the RFC assessment; and (3) resolve a conflict between the Dictionary of Occupational Titles ("DOT") and the VE's testimony. Pl. Br. at 3-18. Moreover, Plaintiff argues that former Acting Commissioner Nancy Berryhill was not validly exercising authority, on July 16, 2018, when she re-appointed all ALJs and Appeals Council judges then serving in office. *Id.* at 19-20.

The Commissioner refutes each of Plaintiff's arguments. Resp. at 3-28. In reply, Plaintiff omits any response to the Commissioner's rebuttal of her second argument. *See* Reply at 1-14. As such, this court finds that Plaintiff has abandoned her second argument, which is extensively and convincingly rebutted by the Commissioner's brief; no further discussion of this argument will follow.[4] Further, this court finds that Plaintiff's other arguments lack merit.

1. <u>The ALJ Correctly Included Plaintiff's Credible Mental Health Limitations in his RFC Assessment</u>

Plaintiff contends that the ALJ failed to include credible mental health limitations in his RFC assessment. Pl. Br. at 3-9. In particular, he argues that the ALJ failed to incorporate his sequential evaluation process ("SEP") step three conclusion that Plaintiff had moderate limitation in maintaining concentration, persistence or pace in his RFC assessment.[5] This argument fails.

In his decision, the ALJ accounted for his step three findings in the RFC assessment. First, the ALJ explicitly stated that he would consider his SEP step three conclusions when formulating Plaintiff's RFC. R. 18. Further, his decision reflects the following accommodations – based on Plaintiff's mental health limitations – a job calling for: simple, routine tasks; no more than frequent interaction with supervisors, co-workers and the public; and low stress work, which means routine work, with no more than occasional work changes. R. 18. In particular, the limitation to routine work, with only occasional work changes, accommodates Plaintiff's moderate limitation in maintaining concentration, persistence or pace, because few work changes – part of the RFC – will permit Plaintiff to maintain her work routine, which is relevant to this domain of functioning. *See*

---

[4] In any event, Plaintiff's second argument is belied by the record, because the ALJ's RFC assessment contains extensive limitations based upon Plaintiff's credible physical limitations. *See* R.18. Were this court to consider this argument on its merits, it would easily find it unmeritorious.

[5] Plaintiff initially complained that the ALJ also failed to include his step two assessment that Plaintiff has: mild limitation in understanding, remembering and applying information; mild limitation in interacting with others and mild limitation in adapting and managing herself. Pl. Br. at 4-6. However, in her Reply, Plaintiff concedes that the ALJ did account for them in the RFC assessment. Reply at 2-3. Hence, these arguments need not be considered.

20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00E(3). Hence, the ALJ did accommodate Plaintiff's moderate limitation in maintaining concentration, persistence or pace in the RFC assessment and did not commit the legal error Plaintiff alleges.

    2. The ALJ did not Fail to Resolve any Conflict with the DOT

Plaintiff maintains that two of the jobs the VE identified – school bus monitor and usher – conflicted with the DOT, because they required a greater reasoning level than Plaintiff's RFC allows.[6] Pl. Br. at 12-18. Plaintiff specifically argues that the DOT classifies these jobs as requiring reasoning level two, which requires the ability to understand and carry out detailed but uninvolved instructions, which is inconsistent with her RFC. *Id.* This claim fails.

Herein, the ALJ posed a hypothetical question to the VE, which contained his assessment of Plaintiff's RFC. R. 51-52. In the hypothetic, he asked the VE to consider a person limited to simple, routine tasks. R. 52. The VE responded that the person could perform the jobs of school bus monitor and usher. *Id.* The VE also confirmed that her answer was generally consistent with the DOT; where it was not, it was based upon her own experience as a vocational expert. R. 52-53. Plaintiff ignores this testimony. Further, the Third Circuit, albeit in a non-precedential decision, has held that reasoning level two **is** consistent with an RFC that allows for simple, routine tasks. *See Money v. Barnhart*, 91 Fed. Appx. 210, 215 (3d Cir. 2004) (non-precedential). More recently, the Third Circuit has observed that several courts have held that a reasoning level of two is consistent with an RFC limited to performing simple, routine tasks. *See Zirnsak v. Colvin*, 777 F.3d 607, 618 (3d Cir. 2014). In light of the Third Circuit's clear indication that reasoning level two **is** consistent with an RFC limited to simple routine tasks, this court finds that Plaintiff's

---

[6] Plaintiff also challenges the third job the VE identified, furniture rental clerk. Pl. Br. at 14-15. However, the Commissioner concedes that this job is inconsistent with Plaintiff's RFC. Resp. at 12. Hence, this job is omitted from possibly supporting the ALJ's decision.

argument to the contrary lacks merit.

3. Former Commissioner Berryhill Had Authority to Act when She Reappointed all ALJs and Appeals Council Judges on July 16, 2018

Finally, Plaintiff argues that, by operation of statute, Berryhill's appointment as Acting Commissioner ("AC") expired on November 16, 2017, hence, she lacked authority to reappoint all ALJs and Appeal Council Judges, on July 16, 2018. Before that date, on April 17, 2018, President Trump had nominated Andrew Saul to be the Commissioner. Saul was not confirmed and sworn into office, until June 17, 2019. Reappointment of ALJs and Appeals Council Judges by an AC (or Commissioner) was needed because, prior to AC Berryhill's action, none of the Social Security Administration's ALJs or Appeals Council Judges had been validly appointed. As explained below, Plaintiff's challenge to AC Berryhill's authority on July 16, 2018 lacks merit.

The Commissioner cites an abundance of cases, which hold that Berryhill acted properly on July 16, 2018, because, once Saul was nominated by President Trump, on April 17, 2018, Berryhill could exercise the powers of an AC, pursuant to 5 U.S.C. § 3346(a)(2). *See* Resp. at 19 & n. 6 (citing 20 cases which so hold). Against this weight of persuasive authority, Plaintiff relies upon *Brian T.D. v. Kijakazi*, 580 F. Supp. 3d 615 (D. Minn. 2022), *appeal filed*, No. 22-1601 (8th Cir. Mar. 22, 2022),[7] which held to the contrary. This court concurs with the weight of authority and concludes that, once President Trump nominated Saul to be the next Commissioner, Berryhill could exercise the authority of an AC, pursuant to § 3346(a)(2), and validly reappointed all ALJs and Appeals Council Judges, on July 16, 2018. Hence, Plaintiff's argument to the contrary fails.

An implementing order and order of judgment follow.

---

[7] The Eighth Circuit docket indicates that oral argument on the appeal was held on December 14, 2022.